IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 04 2013

JEFFREY P. COLWELL
CLERK

Civil Action No. 13-cv-00077-BNB
(To be supplied by the court)

Noshir GOWADIA, Plaintiff,

v.

BOP represented by:

Warden Bobby L. Meeks (FDC-H),

Blake R. Davis (former Warden ADX),

Warden D. Berkebile (ADX),

R. J. Ballash (Western Reg. Off.),

Jose A. Santana (Des. and Sent Comp.),

Paul M. Laird (North Central Reg. Off.),

Mr. Geralich (FDC-H),

Mr. Sterns (FDC-H), Defendant(s).

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

(Rev. 1/30/07)

13-cv-00077-BNB

## A. PARTIES

1. Noshir Gowadia, 95518-022, FLORENCE ADMAX. U.S PENITENTIARY,
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   Inmate Mail/Parcels, P.O. Box 8500, FLORENCE CO 81226

2. ~~Blake R. Davis~~ Bobby L. Meeks, Warden, Federal Detention
   (Name, title, and address of first defendant)
   Center, 351 Elliott Street, P.O. Box 30547, Honolulu, HI 96820
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:

   _____
   _____

3. Blake R. Davis, Asst. Dir. Correctional Prog. Div. B.O.P.,
   (Name, title, and address of second defendant)
   Central Office, 320 First Street, NW, Washington, D.C. 20534
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:

   _____
   _____

4. D. Berkebile, Warden FLORENCE ADMAX, U.S. PENITENTIARY,
   (Name, title, and address of third defendant)
   P.O. Box 8500, FLORENCE, CO 81226
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:

   _____
   _____

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                                    2

## A. PARTIES

5. R. J. Ballash, Hearing Administrator, Western Regional Office, Fed. Bur. of Prisons, 7338 Shoreline Drive, Stockton, CA 95219
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No

6. Jose A. Santana, Chief, Desig. and Sentence Comp. Cntr., Grand Prairie Office Complex, 346 Marine Forces Drive, Grand Prairie, TX 75051
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No

7. Paul M. Laird, Regional Dir, Fed. B.O.P., North Central Reg. Off., Gateway Complex, Tower II, 8th floor, 400 State Av., Kansas City, KS 66101-2492
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No

8. Mr. Gexalich, Captain, Federal Detention Center, 351 Elliott Street, P.O. Box 30547, Honolulu, HI 96820
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No

9. Mr. Sterns, STS Manager, Federal Detention Center, 351 Elliott Street, P.O. Box 30547, Honolulu, HI 96820
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No

13-cv-00077-BNB

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

    ___ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ✓ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    _____

    _____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

Case involves willful and repeated violations of my Constitutional rights such as "Due Process", Civil Rights, 6th Amendment, 8th Amendment, etc. Total disregard of law is widespread in DOJ/BOP and when one looks at various actions including response to even a Court Order, a complete contempt of Constitution is apparent. SIS Manager, Mr. Sterns previously told me "we can do whatever we want and we do not have to justify to anyone"; DOJ/BOP live by this philosophy.

Claim One discusses FDC-H's illegal sharing of my U.S. Mail with the prosecutor. Claim Two describes how DOJ used this access to harm my defense in the criminal trial. Claim Three describes when these illegal actions were protested by my lawyers, how DOJ/BOP retaliated and imposed abusive treatments without any "Due Process" and using false allegations. Claim Four describes DOJ/BOP coverup. Claim Five lists false allegations (not evidence) used in this process.

(Rev. 1/30/07)                                         3

13-CV-00077-BNB

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: Sharing of U.S. Mail content with unauthorized persons

   Supporting Facts: Between circa Oct 2005 and circa Aug 2011, FDC-H SIS Manager Mr. Sterns shared all my U.S. mail (social, "Private and sometimes even "Legal") with my prosecutor Sorensen. I pointed out to my Unit Manager, to Mr. Sterns and to the Warden that sharing the contents of my U.S. mail with others was prohibited by the Constitution and asked them why were they doing it. After several requests, eventually Mr. Sterns sent one of his employees who told me that they had to do it because they had received a "subpoena" from prosecutor Sorensen. I pointed out that a prosecutor can not issue a subpoena, only a Judge can and also there was no indefinite subpoena. When I requested to see the subpoena, the meeting ended uprubtly. Before I could find out the name of this gentleman, within days of our meeting he was transfered to another location.
   . Next I requested Ms. Amaan, who was at the meeting for the SIS gentleman's name. I didn't get any response to my written request but very quickly she too got transfered to destination unknown.
   . Prosecutor Sorensen would have known that the actions were illegal and Mr. Sterns was informed of it too but they still continued with it for nearly 6 years.

(Rev. 1/30/07)                                   4

13-cv-00077-BNB

2. Claim Two: <u>Preventing "...petition...for a redress..."; Destruction of evidence</u>

Supporting Facts: Several of my social and "Private" mail never left FDC-H nor were they returned. When I asked my children on FDC phone to check with my Senator Inouye if he had received my circa Feb. 08 mail requesting his help, within less than a week both of their banks received National Security Letters (NSL) and their bank accounts were closed. They were afraid and I asked them not to continue. I believe this was a violation of my <u>1st</u> Amendment right "... to petition the Government for a redress of grievances."

One of my "Private" letters was to the Information Security Oversight Office (ISOO) and was dated circa October 18, 2007. Their letter dated circa January 7, 2008 indicates that they had just received my letter. I do not know where my letter was for 2 1/2 months or if they received my original letter. President requires a response within 6 months for such request. If they responded I never received it.

The letter to ISOO was for them to verify my contention that not a single document the prosecutor contended in my case as classified can be. The instructions in the Executive Order(s) (E.O.) defining the Security Classification System, e.g., #13292 (President Bush) prohibit their classification. If the ISOO had followed the Executive Order as they are required to do, their response would have seriously damaged the prosecutor's case. Hence the interference with the mail. I believe this was a violation of "~~Due Process~~" <u>6th</u> Amendment.

(Rev. 1/30/07)           5

3. Claim Three: <u>Retaliation, Violation of "Due Process" and Abusive treatment</u>

Supporting Facts: Circa Feb 2011, after my appeals' lawyers' complaint about DOJ/BOP mishandling my US mail, in <u>retaliation</u> FDC-H Warden Meeks, Assoc. Warden Hendershot, Capt. Geralich, SIS Manager Mr. Sterns, ADX Warden Davis, ADX Warden Berkebile, USA/DHI Nakakuni and prosecutor Sorensen increased my Sec/Cust levels from Med-GP to High/Max, imposed Special Administrative Measures (SAM) and transferred me to ADX - all without providing a hearing or evidence as required by BOP policy and "Due Process."

On 3/31/2011 I was moved to Special Handling Unit (SHU) and given an incomplete Administrative Detention Order from SIS. Where the reason for this action is required, <u>space is BLANK</u>. In the section of "SIS INVESTIGATION" where the results of the investigation is supposed to be listed, <u>there is NONE</u>. Instead it states "Therefore, the above named inmate is to be placed in Administrative Detention." No hearing or evidence were provided.

Even though Capt. Geralich and Mr. Sterns imposed SAM conditions, Warden ~~Davis~~ Meeks never issued the memo authorizing it which he is required to do, because he knew that the actions were illegal.

When I asked why this action was not necessary prior to my lawyers' complaint which was a duration of 5½ years, there was no response.

On 28 Sept. 11 after several days in transit under SAM conditions at various facilities I arrived at ADX-Florence. Even though through the entire appeal process I was informed that my transfer was to ADX <u>General Population</u>, on my arrival I was directly transferred to the highest security facility with restrictions more severe than for the terrorists and mass murderers, again without hearing or evidence. This is an abusive treatment.

13-cv-00077-BNB

## D. CAUSE OF ACTION

Claim Three: (cont.)

On 29th September, next day, I was handed an Order issued by Warden Davis and defining the SAM conditions, again without hearing or evidence. SAM was most likely written by USA/DHI because the Warden is unlikely to know the issues covered. It uses my convictions as reason; however, BOP had previously used the same convictions to determine my levels as Med/GP which does not permit SAM. He uses various allegations (not evidence) to justify his actions. Amongst various severe restrictions it requires complete prohibition on communication with News Media. It was asked for by USA/DHI and its purpose was to prevent me from disclosing DOJ and AF's criminal activities. It also prevented us from correcting DOJ's false statements to News Media.

On October 23, 2012 I received a new SAM from Warden Berkebile extending the previous restrictions for another year. It too was asked for by USA/DHI and gives same reasons as previous SAM. Previous SAM does not mention Attorney General. When I had pointed out that only an A.G. can impose SAM, suddenly this SAM mentions him imposing the SAM. I doubt he even knows about it.

On 4 Dec 12 I received an extension to my original SAM predated to Sept. 10, 2012. It too was asked for by USA/DHI and issued by Warden Berkebile. This was to cover up the fact that on Oct 23, 2012 when she asked for SAM extension, USA/DHI did not have jurisdiction over my case; Washington office had taken it over. This time she used new false "evidence" which is described in "Claim Five."

13-cv-00077-BNB

## D. CAUSE OF ACTION

<u>Claim Four</u>: False justifications, Cover up of various BOP/DOJ crimes.

<u>Supporting Facts</u>: On 3/31/2011 I was moved to FDC-H SHU without any hearing or providing evidence. On June 3, 2011 I received a "Notice of Hearing on Referral for Transfer to ADX-Florence General Population" from Mr. R.J. Ballash. He gives 2 reasons. First about my conduct creating risk to institution security but gives no incidence for previous 5½ years. Second about my attempting to pass "Secret/SAR" information; it is my presentence letter to Judge from Court website. Same day I sent a letter to him explaining why his given reasons were incorrect. He simply ignored it and on 6 June, after 20 minute phone call with me he supported the FDC-H decision for transfer.

On 23 June 11 I wrote a BP-230 to Mr. Jose A. Santana requesting a review and reversing of the decisions and explained why Mr. Ballash's reasoning was false. Since there was no response, on 20 Aug 11 I wrote to him again. On 9/28/11, while I was already transferred to ADX, I received Mr. Santana's reply with atleast 10 errors. He states my custody was increased from High to Max, even though my BP-230 states it was increased from Med/GP which he himself had previously determined. He mentions my pre-Sentence Investigation report for upping; he had used the same for Med/GP previously. He mentions my two attempts to mail "classified" information even though there was <u>no</u> classified information and "evidence" which I never received were fabricated by FDC-H, et. el. (Claim 5). He repeats Mr. Ballash's accusations about my conduct without giving any evidence. Then amazingly states "Due process was completed in all aspects of your case" and that there is no evidence that FDC's actions were in retaliation.

On 7/28/11 I received a one sentence "ADX General Population Placement Decision" dated 7/13/11 from Mr. Charles E. Samuels, Jr., (then) Assistant Director, Central Office. "You warrent placement in the General Population."

13-CV-00077-BNB

### D. CAUSE OF ACTION

Claim Four: (cont.)

On 15th August 11, I wrote to Mr. Samuels explaining why his decision was not justified. I did not receive any reply.

In his 8-2-12 communication, Mr. Paul M. Laird, Regional Director mentions USAG "May impose SAMs if...". My initial SAM does not mention USAG imposing the SAM. It was asked for by USA/DHI and issued by Warden Davis. Also even the USAG can impose SAM under only 4 situations. My situation does not meet any of them. He too states that the "Due Process" was met even though no hearing or evidence were provided.

Based on the above one can only conclude that the BOP's appeal process is a farce and is there to provide irrelevant and false justifications for their illegal actions.

13-cv-00077-BNB

## D. CAUSE OF ACTION

<u>Claim Five</u>: <u>Fabrication of false evidence (Allegation)</u>

<u>Supporting Facts</u>: Since not a single evidence has been provided and is unlikely to exist, they should be treated as allegations.

<u>Allegation 1</u>. Mr. Ballash in his June 3, 2011 notice of hearing states, "... inmate Gowadia has attempted to pass on classified information to outside sources... On April 28, 2011, intelligence authorities reported... to his children, did in fact contain classified information...". Information is from my presentence letter to the Judge and was on Court's unclassified website.

<u>Allegation 2</u>. Same notice states, "... inmate had passed additional documents potentially with similar information... through the use of privileged legal communications...". My lawyers will confirm that <u>no</u> such thing had happened. I believe what happened is that since FDC-H's first attempt produced false evidence they had to try again. Words such as "privileged legal communications..." indicate that most likely Mr. Sterns took some of my personal mail which he was holding back (claims 1 and 2), mailed it to my children and with the help of the prosecutor then intercepted it at the other end using National Security Letter. However, when they accessed the contents - how else would they claim that it was classified - they committed a major felony.

<u>Allegation 3</u>. Same notice says, "... Gowadia's propensity to willingly and readily disclose (classified) information...". Why did nothing like that happen for first 5½ years prior to my lawyers' complaint? No evidence given.

<u>Allegation 4</u>. Same notice says, "... information which, while available to him from his own memory remains classified...". There is no such definition of classified information. How would one know what is in someone's memory? Also, information I had access to previously was all declassified years ago.

<u>Allegation 5</u>. In his 7 June 2011 decision Mr. Ballash further expands information in "Allegation 1" where he states, "... The Air Force in fact

13-cv-00077-BNB

## D. CAUSE OF ACTION

Claim Five: (cont.)

provided the confirmation that the document at issue contained information classified at the ... (Secret-SAR) level." Only an Original Classification Authority can determine if the information is classified or not in this case. Without identifying the person, saying "AF determing" is meaningless. Also it has to be in writing; doubt such letter even exists. Additionally SAR means information belonging to a Special Access Program which are rare. Currently there are two such programs: F-22 which I did not work on and B-2 whose all design information was declassified in 2003.

Allegation 6. In his 9/28/11 letter Mr. Santana repeats Mr. Ballash's allegations and adds "... you still pose a serious threat to institutional security..." but does not provide a single example for the previous 5½ years supporting it.

Allegation 7. In 4 Dec 12 extension to SAM, Warden Berkebile states USA/DHI's new allegation (after repeating previous allegations) "... You have shown a willingness to communicate sensitive information to other inmates...". "Sensitive" information was a 1984 AIAA technical paper which is on their website and shows that the prosecutor's charges (32 year sentence) are false.

Allegation 8. She further claims, "... (you) have written ... documents indicating your intention to prove your innocence...". Is it a crime?

Allegation 9. She also claims, "... you mailed a letter ... to your daughter; the ... (USAF) determined the letter contained classified information." The "information" is a memo from the State Department, is unmarked indicating that it is unclassified and was in my cell.

As can be seen when one allegation does not work BOP just comes up with new ones. These allegations are used as "evidence" in claims 3 and 4 actions but no proof has ever been provided.

13-cv-00077-BNB

# E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ✓ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: _____

2. Docket number and court name: _____

3. Claims raised in prior lawsuit: _____

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): _____

5. If the prior lawsuit was dismissed, when was it dismissed and why? _____

6. Result(s) of any appeal in the prior lawsuit: _____

# F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

   ✓ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

(Rev. 1/30/07)            7

13-cv-00077-BNB

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Primary relief sought is for BOP to remove SAM, reverse my Sec/Cust levels to Med-GP and transfer to appropriate facility. Also as compensation for punitive and abusive treatment a sum of 4 million dollars from BOP is requested. Alternately it can be: For Claim One, $150K from Mr. Sterns; for Claim Two, $300K from Mr. Sterns; for Claim Three $300K each from Warden Meeks, Capt. Geralich, Mr. Sterns, Warden Davis, and Warden Berkebile; for Claim Four, $300K each from Mr. Ballash, Mr. Santana and Mr. Laird; and for Claim Five $300K each from Mr. Sterns, Mr. Geralich, Mr. Ballash and Mr. Santana.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   25 Feb 13
              (Date)

_____
(Prisoner's Original Signature)

(Rev. 1/30/07)                                 8

I hereby certify that a copy of the foregoing document was mailed to:

    Bobby L. Meeks (defendent) at:
    Warden
    Federal Detention Center
    351 Elliott Street
    P. O. Box 30547
    Honolulu HI 96820

    Blake R. Davis (defendent) at:
    Asst. Director
    Correctional Program Division
    Bureau of Prisons
    Central Office
    320 First Street NW
    Washington D.C. 20534

    D. Berkebile (defendent) at:
    Warden                        used in-house mail
    FLORENCE ADMAX
    U. S. PENITENTIARY
    P. O. Box 8500
    FLORENCE CO 81226

(cont.)

Certification (cont.)

R. J. Ballash (defendent) at:
Hearing Administration
Western Regional Office
Federal Bureau of Prisons
7338 Shoreline Drive
Stockton, CA 95219

Jose A. Santana (defendent) at:
Chief
Designation and Sentence Computation Center
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie TX 75051

Paul M. Laird (defendent) at:
Regional Director
Federal Bureau of Prisons
North Central Regional Office
Gateway Complex, Tower II
8th Floor
400 State Av.
Kansas City, Kansas 66101-2492

(cont.)

Certification (concluded)

Mr. Geralich (defendent) at:
Captain
Federal Detention Center
351 Elliott Street
P.O. Box 30547
Honolulu HI 96820

Mr. Stern (defendent) at:
SIS Manager
Federal Detention Center
351 Elliott Street
P.O. Box 30547
Honolulu HI 96820

on 26 February 2013

Towaclia