IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00077-BNB

NOSHIR GOWADIA,

    Plaintiff,

v.

BOP, represented by:
WARDEN BOBBY L. MEEKS (FDC-H),
BLAKE R. DAVIS (Former Warden ADX),
WARDEN D. BERKEBILE (ADX),
R. J. BALLASH (Western Reg. Off.),
JOSE A. SANTANA (Des. and Sent. Comp.),
PAUL M. LAIRD (North Central Reg. Off.),
MR. GERALICH (FDC-H), and
MR. STERNS (FDC-H),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Noshir Gowadia, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Gowadia initiated this action by filing *pro se* a Complaint (ECF No. 1). On March 4, 2013, he filed an amended complaint using the court-approved Prisoner Complaint form (ECF No. 11). Mr. Gowadia claims that his rights under the United States Constitution have been violated. He seeks damages and injunctive relief.

    The court must construe the Prisoner Complaint liberally because Mr. Gowadia is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Gowadia will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient.  Fist, it is not clear whether Mr. Gowadia intends to sue the Bureau of Prisons as a Defendant in addition to the individuals named as Defendants. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure "[t]he title of the complaint must name all the parties."  Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line.  The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."  Regardless of who Mr. Gowadia names as Defendants, he must provide a complete address for each named Defendant so that they may be served properly.

The court also finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a)

provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Gowadia fails to provide a short and plain statement of his claims showing that he is entitled to relief. In particular, he fails to identify which Defendant or Defendants he is suing with respect to each asserted claim; he fails to allege clearly and concisely what each Defendant did that allegedly violated his rights; and he fails to identify the specific legal right allegedly violated with respect to each claim.

For these reasons, Mr. Gowadia will be ordered to file a second amended complaint. For each claim he asserts in the second amended complaint, Mr. Gowadia "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The court also emphasizes that personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To

establish personal participation, Mr. Gowadia must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To the extent Mr. Gowadia may name supervisory officials as defendants, the court notes that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Finally, although the precise claims Mr. Gowadia is raising in this action are not clear for the reasons discussed in this order, the Court notes that there may be issues regarding personal jurisdiction and proper venue under 28 U.S.C. § 1391 because only one of the eight individual defendants is alleged to be a resident of Colorado and it

appears that the actions giving rise to most of Mr. Gowadia's claims occurred outside Colorado.  Therefore, even though Mr. Gowadia currently is incarcerated in Colorado, it is not clear whether he may pursue all of his claims in the District of Colorado.  Accordingly, it is

ORDERED that Mr. Gowadia file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Gowadia shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Gowadia fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 7, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge