Rev. 2.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 5 2013

JEFFREY P. COLWELL
                CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-CV-00077-BNB
                  (To be supplied by the court)

NOSHIR GOWADIA                    , Plaintiff,

v.

CULLY STEARNS (FDC-H),

BRADLY GREILICK (FDC-H),

R. J. BALLASH (Western Reg. Off.),

JOSE A. SANTANA (Des. and Sent Comp.)

BLAKE R. DAVIS (former Warden ADX)

DAVID BERKEBILE (Warden, ADX)

PAUL M. LAIRD (North Cent. Reg. Off.)

_____, Defendant(s).

(List each named defendant on a separate line.)

---

**PRISONER COMPLAINT**

---

(Rev. 1/30/07)

13-CV-00077-BNB

Rev. 2

## A. PARTIES

1. <u>NOSHIR GOWADIA 95518-022, FLORENCE ADMAX, U.S PENITENTIARY</u>
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   <u>Inmate Mail/Parcels, P.O. Box 8500, FLORENCE CO 81226</u>

2. <u>CULLY STEARNS, STS Manager, Federal Detention Center,</u>
   (Name, title, and address of first defendant)
   <u>351 Elliott Street, P.O. Box 30547, Honolulu, HI 96820</u>
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   <u>Mr. Stearns works for Federal Bureau of Prisons.</u>

3. <u>BRADLY GREILICK, Captain, Federal Detention Center,</u>
   (Name, title, and address of second defendant)
   <u>351 Elliott Street, P.O. Box 30547, Honolulu, HI 96820</u>
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   <u>Mr. Greilick works for Federal Bureau of Prisons.</u>

4. <u>R. J. BALLASH, Hearing Administrator, Western Regional Office,</u>
   (Name, title, and address of third defendant)
   <u>Federal Bureau of Prisons, 7338 Shoreline Drive, Stockton CA 95219</u>
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   <u>Mr. Ballash works for Federal Bureau of Prisons.</u>

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07) 2

## A. PARTIES

5. JOSE A. SANTANA, Chief, Designation and Sentence Computation,
   (Name, Title, and address of fourth defendant)
   Center, Grand Prairie Office Complex, 346 Marine Forces Drive, Grand Prairie, TX 75051
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   Mr. Santana works for Federal Bureau of Prisons.

6. BLAKE R. DAVIS, Asst. Dir., Correctional Programs Division,
   (Name, Title, and address of fifth defendant)
   B.O.P., Central Office, 320 First Street NW, Washington D.C. 20534
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   Mr. Davis works for Federal Bureau of Prisons.

7. DAVID BERKEBILE, Warden, FLORENCE ADMAX, U.S. PENITENTIARY,
   (Name, Title, and address of sixth defendant)
   P.O. BOX 8500, Florence, CO 81226
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __ Yes ✓ No (CHECK ONE). Briefly explain your answer:
   Mr. Berkebile works for Federal Bureau of Prisons.

13-CV-00077-BNB

Rev 2

## A. PARTIES

8. PAUL M. LAIRD, Regional Director, Federal Bureau of Prisons,
(Name, Title, and address of seventh defendant)
North Central Regional Office, Gateway Complex, Tower II,
8th floor, 400 State Av., Kansas City, KS 66101-2492
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:
Mr. Laird works for Federal Bureau of Prisons.

Rev 2

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

    ____ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ✓ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    _____

    _____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

— Mr. Stearns prevented me from obtaining a fair trial by conspiring with my prosecutor to share, control and destroy my communications; some of it contained critical evidence needed for my defense in the criminal trial.

— Mr. Greilick conspired with my prosecutors to cover up Mr. Stearns' crime. He also retaliated against me for my lawyers' complaint about Mr. Stearns sharing my social, "Private" and even "Legal" mail with my prosecutor.

— Mr. Davis and Mr. Berkebile have conspired with USA/DHI to cover up Mr. Stearns' crime. They have also imposed abusive treatment in the form of SAM.

— Mr. Laird conspired to support Mr. Berkebile's illegal imposition of SAM.

— Mr. Ballash and Mr. Santana were principals in the review process who conspired with my prosecutor to cover up Mr. Stearns' crime.

(Rev. 1/30/07)   3

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: **Conspiracy to prevent a Fair Trial**
   Supporting Facts: Although Mr. Stearns is located at FDC-Hawaii where his illegal actions occurred, it is to cover up these actions why my transfer to ADX and imposition of illegal SAM was required.

   Between circa October 2005 and circa August 2011, Mr. Stearns illegally shared my social, "Private" and sometimes even "Legal" mail with my prosecutor. His actions helped the prosecutor to control, change and even destroy evidence critical to my criminal trial. For example, the response from Information Security Oversight Office (ISOO) to my inquiry dated circa October 18, 2007 would have certainly confirmed that all information which prosecutor claimed as classified is actually unclassified and is also prohibited from classification by the Executive Order. I never received the response which ISOO is required by the Executive Order to provide. There would not have been any trial.

   Thus Mr. Stearns conspired with my prosecutor to prevent me from getting a fair trial which resulted in false convictions. To cover up this crime from being exposed my transfer to ADX and imposition of SAM occurred.

(Rev. 1/30/07)     4

13-cv-00077-BNB

2. Claim Two: <u>Conspiracy to cover up a crime, Violation of Civil Rights</u>
    Supporting Facts: Mr. Greilick is also located at FDC-Hawaii where his illegal actions occurred. However, these actions were instrumental in my transfer to ADX and imposition of illegal SAM.

Circa February 2011 my Appeals lawyers complained about Mr. Stearns illegally sharing my social, "Private" and sometimes even "Legal" mail with my prosecutor. To cover up this crime, without providing any hearing or evidence Mr. Greilick increased my Sec/Cust levels from Med/GP to High/Max and initiated the procedure to transfer me to ADX where illegal SAM was imposed to keep me in total isolation. My correct levels of Med-GP does not permit it. My appeals lawyers were forbidden to help me, reason given that it was an administrative issue while actually it was a criminal issue.

Additionally, to retaliate for the complaint, Mr. Greilick imposed the severe SAM conditions at FDC-H even though no SAM was authorized by the Warden. To justify his actions he twice fabricated evidence but it was never given to me.

Thus Mr. Greilick's actions were to cover up the crime committed by Mr. Stearns. He was instrumental in my transfer to ADX and imposition of SAM. Additionally his actions were retaliatory — a civil rights violation. He also violated my right to "Due Process" and right to be represented by a lawyer.

13-cv-00077-BNB

3. Claim Three: <u>Conspiracy to cover up a crime</u>
   Supporting Facts: <u>Even though Mr. Ballash is located in California where his illegal actions occurred, those actions not only failed to prevent it but using false allegations he actually facilitated my transfer to ADX where the illegal SAM was imposed. He was a principal in the review process and thus had the direct involvement.</u>

On 3/31/2011 I was moved to FDC-H Special Handling Unit (SHU) without any hearing or providing evidence. On June 3, 2011 I received a "Notice of Hearing on Referral for Transfer to ADX-Florence General Population" from Mr. Ballash. He gave various allegations for the transfer. One of them was about my conduct creating risk to institution security but gave no incidence supporting it for previous 5½ years. Another was about my attempting to pass "Secret-SAR" information to my family; it was my presentence letter to Judge which was on Court website. All other allegations could not be supported by facts either. Same day I sent a letter to him explaining why his given reasons were incorrect. He simply ignored it and on 6 June, after 20 minutes phone call with me supported the FDC-H decision for transfer.

Thus Mr. Ballash conspired with FDC-H administration to rationalize my unjustified transfer to ADX where illegal SAM was imposed to cover up crimes described in Claims One and Two. He also violated my right to "Due Process".

(Rev. 1/30/07)                                    6

# D. CAUSE OF ACTION

4. Claim Four: Conspiracy to cover up a crime

Supporting Facts: Even though Mr. Santana is located in Texas where his illegal actions occurred, those actions not only failed to prevent it but using false allegations he actually facilitated my transfer to ADX where the illegal SAM was imposed. He was a principal of the review process and thus had the direct involvement.

On 23 June 11 I wrote a BP-230 to Mr. Santana requesting a review and reversing of the decisions and explained why Mr. Ballash's reasoning was false. Since there was no response, on 20 Aug 11 I wrote to him again. On 9/28/11, while I was already transferred to ADX, I received Mr. Santana's reply with atleast ten false statements. He states my custody was increased from High to Max, even though my BP-230 states it was increased from Med/GP which he himself had previously determined. He mentions my pre-Sentence Investigation report for upping; he had used the same for Med/GP previously. He repeats all of Mr. Ballash's accusations, including about my conduct, without giving any evidence. Without giving any proof that any hearing or evidence were given to me he states "Due Process was completed in all aspects of your case." Ignoring the fact that upping of my classifications, transfer to ADX and eventual SAM all started within a few days of my lawyers' complaint and these actions were not required for previous 5½ years he states that there is no evidence that FDC's actions were in retaliation.

Thus Mr. Santana conspired with FDC-H administration to rationalize my unjustified transfer to ADX where illegal SAM was imposed to cover up crimes described in Claims One and Two. He also violated my right to "Due Process".

## D. CAUSE OF ACTION

5. Claim Five: Conspiracy to cover up a crime; Imposition of abusive treatment.

Supporting Facts: Even though Mr. Davis is currently located in Washington, D.C., his illegal actions occurred when he was the Warden of ADX.

On 28 September 2011 after several days in transit under SAM conditions in various facilities I arrived at ADX-Florence. Even though through the entire BOP appeal process I was informed that my transfer was to ADX-GP, on my arrival Warden Davis directly transferred me to the highest security facility with restrictions more severe than for the terrorists and mass murderers again without providing any hearing or evidence. This was an abusive treatment.

On 29th September, next day, I was handed an Order issued by Warden Davis based on false allegations and defining the SAM conditions, again without providing any hearing or evidence. For example, it uses my convictions as reason, however BOP had previously used the same convictions to determine my levels as Med/GP which does not permit SAM. Also, SAM can be imposed under only four conditions, my situation does not meet any. Amongst various severe restrictions it requires <u>complete</u> prohibition on communication with News Media. This SAM was asked for by USA/DHI and this restriction was to prevent disclosure of crime described in Claim One, i.e., the prosecutor with the help of FDC-H controlling my communications and destroying the evidence required for my defense.

Thus Mr. Davis conspired with USA/DHI to cover up previous crimes. He also imposed abusive treatment (SAM) and violated my right to "Due Process."

## D. CAUSE OF ACTION

6. Claim Six: Conspiracy to cover up a crime; Imposition of abusive treatment

Supporting Facts: Mr. Berkebile is the current Warden of ADX where his illegal actions have occurred and continue to occur.

On October 23, 2012 I received a new SAM from him extending the previous restrictions for another year. It too was asked for by USA/DHI and gives similar false reasons as previous SAM. For example, SAM mentions my access to classified information even though both of them knew that there is neither a classified facility nor such information at ADX. On the other hand for 5½ years at FDC-H where I had a classified facility and alleged classified information, no SAM was required.

Previous SAM does not mention Attorney General. When I had pointed out that only an A.G. can impose SAM, suddenly this SAM mentions him. When I requested a copy of A.G.'s letter, it was refused. It is unlikely to exist since even the A.G. can impose SAM only under 4 conditions, mine does not meet any of them.

On 4 December 12 I received a new extension to my original SAM predated to September 10, 2012. It too was asked for by USA/DHI and issued by Mr. Berkebile. This was to cover up the fact that on October 23, 2012 USA/DHI did not have jurisdiction over my case; Washington office had taken it over. This time USA/DHI used new false "evidence", e.g. my discussing "sensitive" information with fellow inmates at FDC-H — it was a 1984 technical paper in public domain which indicates that the prosecutors' claims about China were false.

Thus Mr. Berkebile conspired with USA/DHI to cover up their crimes described in Claim One by imposing complete restriction on communications with everyone including News Media. Imposition of unjustified severe SAM conditions is an abusive treatment. My right to "Due Process" was also violated.

## D. CAUSE OF ACTION

7. Claim Seven: Conspiracy to cover up a crime

Supporting Facts: Even though Mr. Laird is located in Kansas where his illegal actions occurred, these actions not only failed to reverse the illegal SAM but using false justifications he actually supported it. He was a principal in the review process.

In his 8/2/12 response to my appeal he states "We have reviewed your appeal and the Warden's response dated June 29, 2012. As indicated in the Warden's response ... (USAG) may impose SAMs if there is a substantial risk that a prisoner's communications or contacts with person's could result in death or serious bodily injury to persons. ... acts of violence or terrorism."

Warden's response neither says such thing nor refers to it. Also my case has nothing to do with violence or terrorism. It is unlikely that he even read my appeal.

Thus Mr. Laird conspired with Warden Berkebile to justify and continue the illegal SAM. As a principal of the BOP appeal process he has responsibility to follow the "Due Process" and protect my rights; he has failed to do so.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ✓ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: _____

2. Docket number and court name: _____

3. Claims raised in prior lawsuit: _____

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): _____

5. If the prior lawsuit was dismissed, when was it dismissed and why? _____

6. Result(s) of any appeal in the prior lawsuit: _____

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   ✓ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

On 15th Aug 12 BP-11 (final appeal) was sent to Ms. Kathy Kenney (Gen. Cnsl). Never received any response. When informed of Civil case in March '13, she gave excuse of backlog. Actually proof of "Due Process" and legitimacy of SAM do not exist. After 2 years of failure to resolve the issue, appeal process is considered exhausted.

(Rev. 1/30/07)

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

From Warden Berkebile removal of SAM, reversing my Sec/Cust levels to Med/GP and transfer to appropriate facility are sought.

Additionally the following financial compensations are sought:

For Claim One $500,000. from Mr. Stearns, for Claim Two $500,000. from Mr. Greilick, for Claim Three $300,000. from Mr. Ballash, for Claim Four $300,000. from Mr. Santana, for Claim Five $500,000. from Mr. Davis, for Claim Six $500,000. from Mr. Berkebile and for Claim Seven $300,000. from Mr. Laird.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on 1 April 2013
                    (Date)

_____
(Prisoner's Original Signature)

I, Noshir Gowadia, hereby certify that the following individual certificate was mailed to each defendant with his copy of the complaint.

1. I hereby certify that a copy of the foregoing document was mailed to Mr. Cully Stearns (defendant) at Federal Detention Center, 351 Elliott Street, P.O. Box 30547, Honolulu, HI. on 2 April 2013; /Gowadia/

2. I hereby certify that a copy of the foregoing document was mailed to Mr. Bradly Greilick (defendant) at Federal Detention Center, 351 Elliott street, P.O. Box 30547, Honolulu, HI on 2 April 2013; /Gowadia/

3. I hereby certify that a copy of the foregoing document was mailed to Mr. R.J. Ballash (defendant) at Western Regional Office, Federal Bureau of Prisons, 7338 Shoreline Drive, Stockton CA 95219 on 2 April 2013 on 2 April 2013

4. I hereby certify that a copy of the foregoing document was mailed to Mr. Jose A. Santana (defendant) at Designation and Sentence Computation Center, Grand Prairie Office Complex, 346 Marine Forces Drive, Grand Prairie, TX 75051 on 2 April 2013. /Gowadia/

5. I hereby certify that a copy of the foregoing document was mailed to Mr. Blake R. Davis (defendant) at Correctional Programs Division, B.O.P., Central Office, 320 First Street NW, Washington D.C. 20534 on 2 April 2013; /Gowadia/

6. I hereby certify that a copy of the foregoing document was mailed to Mr. David Berkebile (defendant) at FLORENCE ADMAX, U.S. PENITENTIARY, P.O. Box 8500, Florence, CO 81226 on 2 April 2013. /Gowadia/

7. I hereby certify that a copy of the foregoing document was mailed to Mr. Paul M. Laird (defendant) at Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th floor, 400 State Av., Kansas City, KS 66101-2492 on 2 April 2013. /Gowadia/

/Gowadia/