IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00077–KMT


NOSHIR GOWADIA,

      Plaintiff,

v.

CULLY STEARNS (FDC-H),
BRADLY GREILICK (FDC-H),
R.J. BALLASH (Western Reg. Off.),
JOSE A. SANTANA (Des. and Sent Comp.),
BLAKE R. DAVIS (former Warden ADX),
DAVID BERKEBILE (Warden, ADX), and
PAUL M. LAIRD (North Cent Reg. Off.),

      Defendants.

---

## ORDER

---

      This case involves claims that Defendants violated Plaintiff's civil rights.  This matter is before the court on "Defendants' Motion to Dismiss" (Doc. No. 43 [Mot.], filed August 9, 2013) filed by Defendants Stearns, Greilick, Santana, Davis, Berkebile and Laird, to which Plaintiff filed his response on August 27, 2013 (Doc. No. 45 [Resp.]) and Defendants filed their reply on September 10, 2013 (Doc. No. 49 [Reply]).  Defendant Ballash filed a Joinder to the Motion to Dismiss on November 15, 2013 (Doc. No. 55 [Joinder]), and Plaintiff filed his response to the Joinder on November 27, 2013 (Doc. No. 56 [Resp. Joinder]).  This matter is ripe for ruling.

## STATEMENT OF THE CASE

The following description is taken from Plaintiff's Complaint. (Doc. No. 16 [Compl.], filed April 5, 2013.) Plaintiff asserts jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* at 3.) Plaintiff is an inmate at the United States Penitentiary, Administrative Maximum, in Florence, Colorado ("ADX"). (*Id.* at 2.) Plaintiff alleges seven claims, one against each defendant. (*See id.*) All seven claims possess two common allegations: (1) Defendants conspired "to cover up a crime," and (2) Defendants violated Plaintiff's procedural due process rights, either by triggering (or approving) Plaintiff's transfer to ADX, or by imposing a Special Administrative Measure ("SAM") pursuant to 28 C.F.R. § 501.2. (*See id.*) Plaintiff seeks money damages against all defendants and injunctive relief against Defendant Berkebile, the current ADX warden. (*Id.* at 14.)

## LEGAL STANDARD

### *1.* **Pro Se *Plaintiff***

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Lack of Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must

3

be resolved in Plaintiff's favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted).  Only well-pleaded facts, as opposed to mere conclusory allegations, must be accepted as true.  *Id.*

To determine whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action, the court looks to the law of the forum state.  *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990).  In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process.  *Id.*; *Doering v. Copper Mountain*, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992).  Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in — either in person or by an agent — the "commission of a tortious act within this state," or the "transaction of any business within this state."  Colo. Rev. Stat. §§ 13–1–124(1)(a)–(b) (2007).  To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process.  *See Lichina v. Futura, Inc.*, 260 F. Supp. 252, 255 (D. Colo. 1966).  Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.  *See OMI Holdings, Inc.*, 149 F.3d at 1090; *Scheur v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984).

### 3.    *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### 4.    *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual

6

allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Defendants Stearns, Greilick, Santana, Davis, Berkebile, Laird, and Ballash move to dismiss for failure to state a claim upon which relief can be granted.  In addition, Defendants Greilick, Laird, Santana, Stearns, and Ballash move to dismiss for lack of personal jurisdiction.

### 1.    *Motion to Dismiss for Lack of Personal Jurisdiction*

Defendants Greilick, Laird, Santana, Stearns, and Ballash move to dismiss the claims against them for lack of personal jurisdiction.

General jurisdiction arises from a defendant's continuous and systematic activity in the forum state. *Wise v. Lindamood*, 89 F. Supp.2d 1187, 1189–90 (D. Colo.1999). To establish general jurisdiction, the non-resident's activities must create a "substantial connection" with the forum state, from which the court can conclude that the defendant has "purposely avail[ed] itself of the privilege of conducting activities within the forum." *Id.* Random, attenuated, or fortuitous activities by the defendant will not suffice to establish general jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). The Complaint does not allege any facts that would demonstrate continuous and systematic activity in this forum by any of the non-Colorado Defendant. *See TJS Brokerage & Co., Inc. v. Mahoney*, 940 F. Supp. 784, 787 (E.D. Pa. 1996) (once personal jurisdiction has been challenged, plaintiff's jurisdictional allegations must be supported with appropriate affidavits or documents).

As an alternative basis for personal jurisdiction, specific jurisdiction is predicated upon a defendant's minimum contacts with the forum that give rise to the cause of action. *Kuenzle v. HTM SportUnd Freizeitgerate A G*, 102 F.3d 453, 455 (10th Cir. 1996). The court must consider whether "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472. The Supreme Court has held that the foreseeability of causing injury in the forum state is not sufficient to establish the requisite minimum contacts. Rather, the contacts must result from the defendant's own actions and must create a "substantial connection with the forum." *Id.* at 475. "Purposeful availment requires actions by the Defendant which 'create a

substantial connection with the forum state.' " *OMI Holdings, Inc.*, 149 F.3d 1086 at 1092

(quoting *Asahi Metal Indu. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987)).

In his Complaint, Plaintiff alleges Defendant Stearns is the "SIS Manager" and

Defendant Greilick is a Captain at the Federal Detention Center in Honolulu, Hawaii.  (Compl. at

2, ¶¶ 2, 3.)  Plaintiff alleges Defendants Stearns and Greilick illegally shared Plaintiff's social,

private, and legal mail with Plaintiff's prosecutor to prevent Plaintiff from getting a fair criminal

trial in Hawaii.  (*Id.* at 6–7.)  Plaintiff also alleges Defendant Greilick initiated the procedure to

have Plaintiff transferred from FDC-Hawaii to ADX.  (*Id.* at 7.)  Plaintiff alleges Defendant

Greilick, apparently in retaliation for complaints Plaintiff made about him, imposed Special

Administrative Measures ("SAM") while Plaintiff was housed at FDC-Hawaii.  (*Id.*)  Finally,

Plaintiff alleges Defendant Greilick violated Plaintiff's due process right to be represented by a

lawyer.  (*Id.*)

Plaintiff alleges that Defendant Ballash is the Hearing Administrator for the Western

Regional Office of the Federal Bureau of Prisons ("BOP") in Stockton, California.  (*Id.* at 2, ¶ 4.)

Plaintiff alleges while was housed in FDC-Hawaii, Defendant Ballash held a twenty-minute

phone call with Plaintiff regarding the decision to transfer Plaintiff to ADX, and then Defendant

Ballash "supported the FDC-[Hawaii] decision for transfer."  (*Id.* at 8.)

Plaintiff alleges that Defendant Santana is the Chief of Designation and Sentence

Computation for the BOP in Grand Prairie, Texas.  (*Id.* at 3, ¶ 5.)  Plaintiff alleges Defendant

Santana facilitated Plaintiff's transfer to ADX because he was "principal of the review process."

(*Id.* at 9.)  Plaintiff alleges after he was transferred to ADX, he received from Defendant Santana

a response denying a request for review of the decisions regarding the transfer.  (*Id.*)  Plaintiff

alleges Defendant Santana "conspired with FDC-[Hawaii] administration to rationalize

Plaintiff's transfer to ADX."  (*Id.*)

Plaintiff alleges that Defendant Laird is the regional director of the BOP in Kansas City,

Kansas.  (*Id.* at 4, ¶ 8.)  Plaintiff alleges Defendant Laird was "a principal in the review process"

and denied Plaintiff's appeal of the imposition of SAM.  (*Id.*)

Plaintiff has not sustained his *prima facie* burden of showing that jurisdiction exists.  As

to Defendants Laird, Santana, and Ballash, the Tenth Circuit previously has found that personal

jurisdiction in Colorado over national and regional officials of the BOP does not arise simply

because those officials have exercised supervisory responsibility over the BOP's operations in

Colorado, or because an inmate has directed written complaints to the officials.  *See Hill v. Pugh*,

75 F. App'x 715, 719 (10th Cir. 2003) ("It is not reasonable to suggest that federal prison

officials may be hauled into court simply because they have regional and national supervisory

responsibilities over facilities within a forum state").  *See also Gambina v. Federal Bureau of

Prisons*, No. 10–cv–02376–MSK–KLM, 2011 WL 4505085, at *3–4 (D. Colo. Sept. 29, 2011)

(holding that the court did not have personal jurisdiction over BOP Regional Director by virtue

of his involvement in decisions impacting prisoners housed in Colorado or his alleged failure to

meaningfully review the circumstances of the plaintiff's confinement at ADX); *McMillan v.

Wiley*, 813 F.Supp.2d 1238, 1246 (D. Colo. 2011) (holding that the defendant did not have the

requisite "minimum contacts" with Colorado simply because he had direct knowledge and had

approved the plaintiff's transfer from general population to the ADX control unit); *Nichols v.*

*Federal Bureau of Prisons*, No. 09–cv–00558–CMA–CBS, 2010 WL 3219998, at *3–4 (D.

Colo. Aug. 12, 2010) (holding that it was not reasonable to suggest that the defendant might be

hauled into court in Colorado "simply because [he has] . . . national supervisory responsibilities

over facilities within the forum state;" "receipt of grievances and letters is insufficient to

establish personal jurisdiction" over national or regional BOP officials); *Durham v. Lappin*, No.

05–cv–01282–MSK–MEH, 2006 WL 2724091, at *5 (D. Colo. Sept. 21, 2006) (in dismissing

claim against BOP Director, National Inmate Appeals Administrator and BOP Regional

Director, held that their contacts with the forum state "were completely fortuitous resulting from

the fact that the Plaintiff . . . was located in Colorado").

Moreover, allegations that a prison official authorized actions or denied administrative

grievances knowing they would have effects in the forum state is insufficient to establish

jurisdiction.  *See Johnson v. Rardin*, No. 91-1211, 1992 WL 9019, at * 1 (10th Cir. Jan. 17,

1992) (dismissing BOP Director for lack of minimum contacts where his only involvement was

reviewing inmate's appeals and occasionally advising prison staff members in forum state);

*Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2008 WL 4216265, at *5 (D. Colo.

2008) (holding that the court lacked personal jurisdiction over defendant when the plaintiff's

sole allegation was that "BOP Defendants were placed on notice of the allegedly

unconstitutional conditions at ADX by his various grievances, and that their failure to remedy

the situation constitutes acquiescence.").

As to Defendants Greilick and Stearns, Plaintiff does not allege in the Complaint that

they conducted any activities in Colorado.  Plaintiff does not allege that Defendants Greilick or

Stearns had any contact with him in Colorado.  Moreover, Plaintiff concedes that the alleged

unconstitutional conduct occurred in Hawaii.  (*See* Compl. at 6–9, 12; Resp. at 10.)  Such acts

and omissions do not suffice to establish minimum contacts for purposes of an individual

capacity suit against a federal employee.  *See Allmon v. Bureau of Prisons*, No.

08–cv–01183–ZLW–CBS, 2010 WL 2163773, at *2 (D. Colo. May 26, 2010) (finding that the

Colorado District Court did not have personal jurisdiction over a warden and a lieutenant

assigned to the United States Penitentiary, Terre Haute, Indiana); *Hale v. Ashcroft*, 06-cv-00541-

REB-KLM, No. 06–cv00541–REB–KLM, 2007 WL 2350150, at *3 (D. Colo. Aug.15, 2007).

Thus, there are no allegations in the Complaint that would demonstrate these Defendants,

during the relevant period, had continuous and systematic business contacts with this forum such

that the Court could assert general personal jurisdiction.  Similarly, the court can find specific

personal jurisdiction only if these non-resident defendants "purposely" directed their activities at

Plaintiff and Plaintiff's claims arise out of those activities.  *Cf. Dudnikov v. Chalk & Vermilion

Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  Both of these requirements must be

satisfied to establish specific personal jurisdiction.  Yet, Plaintiff concedes that each of these

defendants' allegedly "illegal actions" occurred in their respective states.  (*See* Compl. at 6–9,

12; Resp. at 10.)  Defendants' nexus with the forum state must be based on something more than

Plaintiff's subsequent transfer to ADX.  *Cf. Zenergy, Inc. v. Coleman*, No. 09-cv-00381-CVE-

FHM, 2009 WL 3571314, at *8 (N.D. Ok. Oct. 26, 2009) (noting that "[c]ourts have found no

nexus between the defendants' contacts with the forum and the litigation where the plaintiff

moved to the forum state after the relationship began").  *Cf. Allmon*, 2010 WL 2163773, at *2.

12

*See also Akers v. Watts*, 740 F. Supp.2d 83, 91–92 (D.D.C. 2010) (holding that the District Court for the District of Columbia did not have personal jurisdiction over BOP employees for alleged conduct that occurred at BOP facilities in Kansas and Colorado); *Coleman v. Lappin*, No. 10-cv-186-GFVT, 2011 WL 4586922, at *4 (E.D. Ky. Sept. 29, 2011) (holding that BOP employees at USP Terre Haute could not have reasonably foreseen or anticipated that they could be haled into a federal court in Kentucky based on their alleged actions in Indiana); *James v. United States*, No. C 09-5149, 2010 WL 3789310, at *3–4 (N.D. Cal. 2010) (finding that the inmate-plaintiff in California had not established personal jurisdiction over the acting warden of the Federal Medical Center in Minnesota, where the alleged violations took place at the BOP facility in Minnesota and there was no evidence that would establish the defendant had the requisite minimum contacts with the forum state); *Elrod v. Walker*, No. 06–3115–SAC, 2010 WL 1285066, at *4 (D. Kan. 2010) (holding that the court could not exercise personal jurisdiction over non-resident BOP employees who allegedly violated the plaintiff's constitutional rights while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania). Fundamental notions of due process require a more substantial and purposeful nexus to this forum than the allegations in Plaintiff's Complaint establish or even suggest.

In the absence of a *prima facie* showing of personal jurisdiction, Defendants Greilick, Laird, Santana, Stearns, and Ballash's motions to dismiss for lack of personal jurisdiction are granted, and all claims against them are dismissed without prejudice.

**2.      *No* Bivens *Remedy for Due Process Claims***

Defendants move to dismiss Plaintiff's *Bivens* due process claims under Fed. R. Civ. P. 12(b)(6).  (*See* Mot. at 1, 8.)  However, this court must analyze this argument under Fed. R. Civ. P. 12(b)(1), because sovereign immunity deprives the Court of subject matter jurisdiction.  *See Normandy Apartments, Ltd. v. U.S. Dept. of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

Plaintiff does not specify in his Complaint whether he is suing the defendants in their official capacities, their individual capacities, or both.  To the extent Plaintiff is suing Defendants in their official capacities for money damages, the defendants in their official capacities enjoy sovereign immunity from *Bivens* actions.  *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding the United States is immune from a *Bivens* claim for money damages); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities.").  Sovereign immunity removes a court's jurisdiction over a complaint.  *See Governor of Kansas v. Kempthorne*, 516 F.3d 833, 846 (10th Cir. 2008) (noting "the strict jurisdictional nature of sovereign immunity").  This court, therefore, lacks jurisdiction over Plaintiff's *Bivens* claims against the individual defendants in their official capacities.

Accordingly, Plaintiff's *Bivens* claims for monetary damages against the individual defendants in their official capacities are dismissed without prejudice for lacks of subject-matter jurisdiction.[1]

### 3.   *Motion to Dismiss for Failure to State a Claim*

Because this court has determined Defendants Greilick, Laird, Santana, Stearns, and Ballash's motion to dismiss for lack of personal jurisdiction should be granted, it only needs to address Plaintiff's remaining claims against Defendant Davis and Berkebile.

### A.   *Conspiracy Claims*

Plaintiff claims that Defendant Davis, who was the Warden of ADX at the time of the alleged violations, and Defendant Berkebile, who is the current Warden of ADX, conspired with USA/DHI to continue the SAM restrictions in order to cover up the other defendants' previous crimes of preventing Plaintiff from getting a fair criminal trial in the criminal proceedings against him in Hawaii.  (*See* Compl. at 6, 10.)

"A claim of conspiracy requires plaintiff demonstrate direct or circumstantial evidence of a meeting of the minds or agreement among the defendants." *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) (citation omitted).  "[C]onspiracy can be shown by a sequence of events from which a reasonable jury could infer there was a meeting of the minds." *Merritt*, 153 F. Supp. 2d at 1225 (citation omitted).  "However, conclusory allegations that defendants acted

_____

[1]*See Rural Water Sewer and Solid Waste Mgmt., District No. 1, Logan Cnty., Okla. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) (holding that a dismissal based on sovereign immunity should be without prejudice).

'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient." 153 F.Supp.2d at 1225 (quoting *Aniniba v. City of Aurora*, 994 F. Supp. 1293, 1298 (D. Colo.1998)).

Plaintiff's allegations are conclusory, and the Complaint presents no facts showing agreement and concerted action designed to deprive Plaintiff of a constitutional right. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir.1989). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d at 1110.

Therefore, Plaintiff's conspiracy claims against Defendants Davis and Berkebile are dismissed.

### B.      Due Process Claims

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. Not every deprivation of liberty at the hands of prison officials, however, has constitutional dimension because prisoners retain only a "narrow range of protected liberty interests." *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012)(quoting *Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994)). "For example, the Supreme Court has recognized that the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Id.* (quotation omitted). "A protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* (quotations omitted).

16

In determining whether plaintiff has a protectable liberty interest, the court must determine whether plaintiff's assignment to ADX imposed "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* In this endeavor, the court is guided by the reasoning in *Rezaq* in which the Tenth Circuit identified four potentially relevant, but nondispositive, factors. The factors include whether (1) the placement relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement; and (4) the placement is indeterminate. *Id.* at 1012 (citing *Wilkinson v. Austin*, 545 U.S. 209 (2005)). While these factors are useful to guide the liberty interest analysis, they do not serve as a constitutional touchstone. *Rezaq*, 677 F.3d at 1012. "[T]he proper approach is a fact-driven assessment that accounts for the totality of conditions presented by a given inmate's sentence and confinement." *Id.* With these considerations in mind, the court turns to the question of whether plaintiff had a protected liberty interest in avoiding confinement in ADX and or imposition of the SAM while at ADX.[2]

Therefore, using the guidelines set forth in *Wilkinson*, the court must first consider whether Plaintiff possesses a constitutionally protected liberty interest. First, the court considers the BOP's penological interest in confining plaintiff in ADX; it is sufficient for the BOP to show

---

[2]Defendants, citing *Rezaq*, urge the court to find that the conditions of confinement at ADX do not deprive Plaintiff of a liberty interest. (Mot. at 17–18.) However, in *Rezaq*, the Tenth Circuit decided an appeal of a fully-developed record and ruling on a summary judgment motion. *Rezaq*, 677 F.3d at 1006. Based on the totality of the factors and the facts of that case, the Tenth Circuit determined the plaintiffs in that case did not have a liberty interest in avoiding confinement at ADX. *577 F.3d at 1016.* In a Rule 12(b)(6) motion, however, the court's function is to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201

that there is a reasonable relationship between confinement in ADX and its asserted penological

interests.  *See id.* at 1014.  Plaintiff alleges that upon his arrival at ADX, Defendant Davis placed

Plaintiff in the "highest security facility with restrictions more severe than for the terrorists and

mass murderers [ ] without any hearing or evidence" and that Defendant Davis continued SAM

restrictions that had previously been placed on him without a hearing or evidence.  (Compl. at

10)  Plaintiff also alleges Defendant Berkebile extended Plaintiff's SAM restrictions for another

year in violation of his due process rights.  (*Id.* at 11.)  Plaintiff also alleges that he was advised

that his convictions were the reasons for his placement and the SAM restrictions; however,

Plaintiff alleges his situation does not meet any of the conditions required for SAM restrictions,

and the same criminal convictions in Hawaii were used to determine his previous placement

levels.  (*Id.* at 10.)

Defendants rely on the Notification of Extension of Special Administrative Measures

("Notification") dated October 23, 103, in arguing that Plaintiff's confinement at ADX and the

imposition of SAM are "obviously related to the legitimate penological interest of protecting the

United States' national security."  (Mot. at 18.)  "[T]he district court may consider documents

referred to in the complaint if the documents are central to the plaintiff's claim and the parties do

not dispute the documents' authenticity."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215

(10th Cir. 2007).  Because Notification is referred to in Plaintiff's complaint (*see* Compl. at 11);

(2) central to Plaintiff's due process claim (*see* Resp. at 14[3]); and (3) undisputed by the parties

_____

[3]Plaintiff disputes the information contained in the Notification, but does not dispute the
authenticity of the Notification itself.  (*See id.*)

regarding their authenticity, the court will consider the Notification for purposes of this Rule 12(b)(6) motion.

Defendants argue Plaintiff was convicted of exporting classified defense information to the People's Republic of China and of communicating national defense information to aid a foreign nation.  (Mot. at 18 and Ex. A.[4])  The Notification shows that, in designating Plaintiff to ADX and in continuing the SAM on October 23, 2013, the BOP properly considered Plaintiff's underlying criminal conduct, which consists of disclosing classified information about the B-2 bomber to unauthorized individuals.  (*Id.*, Ex. B at 1–2).  *See McMillan*, 813 F. Supp. 2d at 1248 ("Plaintiff's criminal history supports his placement at the ADX based on a legitimate penological interest.")  The Notification also states that the SAM was imposed to "avoid further disclosure of classified national security information" and was continued "because there is a danger that [Plaintiff] will disclose information and that the unauthorized disclosure of such information would pose a threat to the national secuirty of the United States."  (Mot., Ex. B at 1–2.)  Thus, this court finds that Plaintiff's placement at ADX and the imposition of the SAM relates to and furthers a legitimate penological interest.  *Rezaq,* 677 F.3d at 1012.

Next, the court considers whether Plaintiff's conditions of placement are extreme.  *Id.*  In addition to *Rezaq*, other cases have concluded that conditions imposed at ADX are not atypically

---

[4]Because the Judgment from Plaintiff's criminal case in the United States District Court for the District of Hawaii is a matter of public record, the court can properly take judicial notice of the Judgment without converting the motion into a motion for summary judgment.  *See Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record.")

extreme.  *See, e.g., Jordan v. Federal Bureau of Prisons*, 191 F. App'x 639, 651–52 (10th Cir.

2006) (finding no liberty interest in conditions imposed during five-year administrative

confinement in the ADX control unit); *Saleh v. Federal Bureau of Prisons*, Nos.

05–cv–02467–PAB–KLM, 06–cv–01747–PAB–KLM, 07–cv–00021–PABKLM, 2010 WL

5464294 (D. Colo. Dec. 29, 2010) (no liberty interest in conditions imposed in the ADX general

population unit); *Georgacarakos v. Wiley*, No. 07–cv01712–MSK–MEH, 2010 WL 1291833, at

*11–13 (D. Colo. March 30, 2010) (finding no liberty interest in conditions imposed in the ADX

general population unit); *Allmon v. Wiley*, No. 08–cv–01183–MSK–CBS, 2011 WL 4501941, at

*15 (D. Colo. Aug. 25, 2011) ("Given the lack of any substantial differences between conditions

of confinement in H Unit and in ADX general population and administrative segregation units,

Mr. Allmon was not subjected to conditions that impose atypical and significant hardship and

thus give rise to a constitutionally-protected liberty interest."), adopted by 2011 WL 4501937 (D.

Colo. Sep. 27, 2011).

   Plaintiff does not allege any specific differences between his conditions and those of

prisoners in general population at ADX.  Plaintiff merely alleges his restrictions are "more

severe than for the terrorists and mass murderers."  (Compl. at 10.)  This conclusory allegation is

insufficient to state a claim, however.  *Hall,* 935 F.2d at 1110.  Therefore, the court finds that

this factor weighs against finding a liberty interest.

   The third factor the court must consider is whether Plaintiff's placement or the

imposition of the SAM increases the duration of Plaintiff's confinement.  *Rezaq,* 677 F.3d at

1012.  Plaintiff does not make any allegation that the duration of his confinement will be

increased.  (*See* Compl.)  Plaintiff is serving a 32-year sentence for his crimes. (Mot., Ex. A.)

Neither Plaintiff's confinement at ADX, nor the 2012 SAM, disqualifies him from earning

good-conduct credit.  18 U.S.C. § 3624(b)(1).  This factor is particularly significant because one

of the considerations that led the Supreme Court to conclude that a prisoner had a liberty interest

in avoiding assignment to the OSP was those inmates' ineligibility for parole. *Wilkinson*, 545

U.S. at 224.  This factor weighs against a finding that Plaintiff has a liberty interest.

Finally, the court must consider whether Plaintiff's placement in the highest security

facility and the imposition of the SAM is indeterminate.  *Rezaq,* 677 F.3d at 1012.  Plaintiff has

not alleged that his placement is indeterminate.  (*See* Compl.)  There also is no allegation that the

BOP does not provide Plaintiff with the same periodic reviews and additional procedural

protections that the Tenth Circuit court found sufficient to render prisoners' ADX confinement

not indefinite.  *Rezaq*, 677 F.3d at 1016.  Moreover, the Notification states that the SAM "will

commence immediately upon expiration of the prior SAM authorization period and will be in

effect for a period of one year."  (Mot., Ex. B at 2.)  In *Sattar v. Holder*, the court found that

"SAMs … are not indefinite" because the restriction "is good for no longer than a year." *Sattar*,

No. 07–cv–02698–PAB–KLM, 2012 WL 882401, at *10 (D. Colo. March 15, 2012).  Therefore,

this factor also weighs against a finding that Plaintiff has a liberty interest.

Because this court has concluded that the four factors suggested for determining whether

plaintiff has a protectable liberty interest weigh against such a finding, the court also concludes

that Plaintiff's assignment to ADX and the imposition of the SAM do not present an "atypical

and significant hardship . . . in relation to the ordinary incidents of prison life." *Rezaq*, 677 F.3d

at 1012.  Therefore, Plaintiff has failed to plausibly allege a liberty interest which has been interfered with by the government.  *Cf. Saleh*, 2010 WL 5464295, at *13 ("Arguably, given the recent jurisprudence in this District on this issue, an ADX inmate's conditions of confinement claim can no longer survive a motion to dismiss unless those conditions deviate substantially from those at issue in the prior cases."), accepted by 2010 WL 5464294 (D. Colo. Dec. 29, 2010).  Because Plaintiff has failed to adequately allege an infringement upon a liberty interest, the court need not turn to the second step of the procedural due process analysis, *i.e.*, addressing the adequacy of the process.  *See Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994).

Therefore, Plaintiff's due process claim asserted against Defendants Davis and Berkebile is dismissed for failure to state a claim.

### 4.    *Qualified Immunity*

Defendants Davis and Berkebile, in their individual capacities, raise the defense of qualified immunity to Plaintiff's claims.  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  To overcome the defendants' claim of qualified immunity, the plaintiff must establish that the defendants' actions violated a constitutional or statutory right of the plaintiff's and that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct.  *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).  "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.*  "Qualified immunity is applicable unless" the plaintiff can satisfy

both prongs of the inquiry.  *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

The plaintiff has not established that the defendants violated Plaintiff's constitutional or statutory rights.  Therefore, Defendants Davis and Berkebile are entitled to qualified immunity as to Plaintiff's claims against them.

Therefore, for the foregoing reasons, it is

**ORDERED** that Defendants Stearns, Greilick, Santana, Davis, Berkebile and Laird's "Motion to Dismiss" (Doc. No. 43) and Defendant Ballash's "Joinder to the Motion to Dismiss" (Doc. No. 55) be **GRANTED** as follows:

1.      The claims against Defendants Greilick, Laird, Santana, Stearns, and Ballash are dismissed without prejudice for lack of personal jurisdiction;

2.      Plaintiff's *Bivens* claims for monetary damages against the individual defendants in their official capacities are dismissed without prejudice for lacks of subject-matter jurisdiction;

3.      The claims against Defendants Davis and Berkebile are dismissed with prejudice for failure to state a claim upon which relief can be granted;

4.      Defendants Davis and Berkebile are entitled to qualified immunity as to Plaintiff's claims against them;

5.      This case is dismissed in its entirety; and

6.      Judgment shall enter on behalf of the defendants and against Plaintiff.

Dated this 12th day of March, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge